UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DUFFY ARCHIVE, LTD.** :<br>:<br>**Plaintiff,** :<br>:<br>vs. :<br>:<br>**HENRY N. ZWIREK and 3620** :<br>**WASHINGTON AVE., LLC** :<br>:<br>**Defendants** :<br>: | **CIVIL ACTION # 4:22-cv-172** |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Duffy Archive Ltd. respectfully alleges as follows for his original complaint against Henry N. Zwirek and 3620 Washington Ave., LLC.

### PARTIES

1.   Plaintiff Duffy Archive Ltd. ("Plaintiff" or "DAL") is a business entity domiciled in Longhope, Gloucestershire, United Kingdom.

2.   Defendant Henry N. Zwirek ("Defendant" or "Zwirek") is an individual believed to be residing in Houston, Texas, and upon information and belief, may be served at his residence, which is believed to be 6415 Rutgers, Houston, Texas 77005.

3.   Defendant 3620 Washington Ave., LLC d/b/a "Rockefeller's", hereinafter "Defendant" or "Rockefeller's", is a Texas limited liability company with its principal place of business in Houston, Texas, and according to records maintained by the Texas Secretary of State may be served through its registered agent Albert T. Huff at Monshaugen & Van Huff, P.C., 1225 North Loop West, Suite 640, Houston, Texas 77008.

## NATURE OF THE CLAIMS

4. This is an action for copyright infringement under 17 U.S.C. § 101 *et seq.*, arising in connection with Defendants' unauthorized commercial exploitation of one of Plaintiff's federally registered photographs.

## JURISDICTION and VENUE

5. This Court has subject matter jurisdiction over this action under 17 U.S.C. §§ 101 *et seq.* (the U.S. Copyright Act); and 28 U.S.C §§ 1331 (federal question) and 1338(a) (copyrights).

6. This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District, a substantial part of property that is the subject of the action is situated in this District, and because the Defendants may be found in this District.

## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

8. Plaintiff owns and curates the works of 1960's fashion photographer Brian Duffy, who was listed in 2014 by the British Journal of Photography as one of the one hundred most influential photographers of all time. Duffy's iconic works include the album cover for David Bowie's album *Aladdin Sane*, which is the subject of this lawsuit (the "Photo").

9. Defendant Rockefeller's operates the Rockefeller's nightclub at 3620 Washington in Houston, Texas. According to records maintained by the Texas Secretary of State, Defendant Henry N. Zwirek is the sole managing member of Rockefeller's.

10. Plaintiff has at all times relevant to this lawsuit been the sole owner of all right, title and interest in and to the Photo, including the copyrights,[1] a copy of which is depicted below:



---

[1] The Photo was timely registered with the U.S. Copyright Office, which issued registration number VA1-428-937, effective June 6, 2009, a true and correct copy of which is attached hereto as **Exhibit A**. The copyrights in the Photo were subsequently assigned by written instrument to Plaintiff, Duffy Archive, Ltd.

11. On or about June 23, 2020, Plaintiff discovered that a derivative version of the Photo (hereinafter the "Derivative") was being used by Rockefeller's on its social media accounts, a few examples of which are set forth below:



  

  

12. Plaintiff (through counsel) served a notice of infringement on April 6, 2021. After Plaintiff received no response, it reached out to Defendants' agent for service of process Mr. Albert T. Huff, who initially responded—claiming that Rockefeller's obtained the Derivative from one of its performing artists and used it without confirming their authorization to do so—but declined to produce any evidence substantiating the claim,[2] and refused to respond to follow-up communications—thereby leaving Plaintiff with no option but to file suit.

13. Plaintiff now brings this suit for copyright infringement.

## COUNT 1: COPYRIGHT INFRINGEMENT

14. Plaintiff realleges and incorporates herein the foregoing paragraphs.

15. By its actions alleged above, Defendant Rockefeller's (acting by and through its owners, agents, contractors and/or representatives) has infringed Plaintiff's federally registered copyrights. Specifically, by copying, distributing and/or displaying the Derivative through social media (and perhaps other as yet unknown outlets), Rockefeller's has infringed Plaintiff's exclusive rights set forth in 17 U.S.C. § 106, and is liable.

16. Upon information and belief, Defendant Henry N. Zwirek is jointly and severally liable for any direct copyright infringement committed by Rockefeller's because he participated in the acts of infringement and/or because he is the dominant influence in the company, and/or because he determined the policies that resulted in the infringement. *Broad. Music, Inc. v. Tex Border Mgmt.*, 11 F. Supp. 3d 689, 693 (N.D. Tex. 2014) (citing *Crabshaw Music v. K-Bob's of El Paso, Inc.*, 744 F. Supp. 763, 767 (W.D. Tex. 1990)).

---

[2] Even if the Photo was provided Rockefeller's by a performing artist, Defendants had a legal obligation to confirm the right to use the Photo before using it to market the event. *See, e.g., Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 992 (9th Cir. 2017) (infringer's failure to conduct any inquiry into ownership supported finding of *willful* infringement).

17. Upon information and belief, Defendants' actions constituted willful infringement of Plaintiff's copyrights inasmuch as they knew, or had reason to know, that Rockefeller's use of the Derivative constituted copyright infringement; and/or because they acted with reckless disregard of Plaintiff's copyrights. For instance, the widespread notoriety of the iconic Photo should have prompted Defendants to seek confirmation of authorization to use the Derivative prior to publishing the same on their social media feeds and/or elsewhere.

18. As a result of the foregoing, Plaintiff is entitled to actual damages, and any additional profits of the Defendants; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## COUNT 2:
## VICARIOUS INFRINGEMENT

19. Plaintiff realleges and incorporates herein the foregoing paragraphs.

20. In addition to, and/or in the alternative to direct infringement, Defendant Henry N. Zwirek (as sole managing member of Rockefeller's), and Defendant Rockefeller's (as employer) are jointly and severally liable for vicarious infringement because they had the right and ability to supervise the infringing activities of their agents, contractors, performing artists and representatives (including the performing artist from whom Rockefeller's claims to have obtained the Derivative), and the practical ability to stop the infringement (by prohibiting the use of the image and/or removing the Derivative); and because they had a direct financial interest in the infringing activities of their agents, contractors, performing artists and representatives by virtue of the increased traffic and sales leads that they generated through the unlicensed use of the Derivative,[3] and the saved costs of licensing fees (had the Derivative been properly licensed from

---

[3] *See, e.g., Playboy Enters., Inc. v. Webbworld, Inc.*, 968 F. Supp. 1171, 1177 (N.D. Tex. 1997) (where the court found that the plaintiff's photographs acted as a draw for customers by enhancing "the attractiveness of [defendant's] website to potential customers.").

6

Plaintiff). *See, e.g., Playboy Enters., Inc. v. Webbworld Inc.*, 991 F. Supp. 543, 553 (N.D. Tex. 1997); *Oppenheimer v. Deiss*, No. A-19-CV-423-LY, 2019 U.S. Dist. LEXIS 208728, at *6 (W.D. Tex. Dec. 3, 2019).

21.     Upon information and belief, Defendants' actions constituted willful infringement of Plaintiff's copyrights inasmuch as they knew, or had reason to know, that Rockefeller's use and display of the Derivative required prior authorization;[4] and/or because they acted with reckless disregard of Plaintiff's copyrights; and/or because they exhibited willful blindness to the possibility that they were infringing Plaintiff's copyrights.

22.     As a result of the foregoing, Plaintiff is entitled to actual damages, and any additional profits of the Defendants; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## **PRAYER**

Plaintiff prays for:

A.      An order that Defendants and all persons under their direction, control, permission or authority be enjoined and permanently restrained from exploiting the Derivative and/or Photo;

B.      An award of actual damages under 17 U.S.C. § 504(b), or statutory damages under 17 U.S.C. § 504(c);

C.      An award to Plaintiff of his reasonable costs and attorney's fees under 17 U.S.C. § 505;

D.      Prejudgment and post-judgment interest on any damage award as permitted by law; and

---

[4] The photo is easily traced to Brian Duffy and likewise to the Duffy Archive, Ltd. *See, e.g.*, https://en.wikipedia.org/wiki/Aladdin_Sane

E.  Such other and further relief as the Court may deem just, proper and/or necessary under the circumstances.

Dated this 18th day of January, 2022

**AMINI & CONANT, LLP**

By: /s/ R. Buck McKinney
R. Buck McKinney
State Bar No. 00784572
408 W. 11th St., Fifth Floor
Austin, Texas 78701
Telephone:  512/236-0150
Fax:  512/444-1879
*mckinney@buckmckinney.com*
**ATTORNEY FOR PLAINTIFF DUFFY ARCHIVE LTD.**